## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Redevelopment
and Housing Authority

v.

Lander Freeman
and Linda Freeman

June 28, 2001

Case No. LM-1409-1

BY JUDGE MELVIN R. HUGHES, JR.

In this unlawful detainer proceeding, the landlord has moved for an expedited trial under a provision in the Virginia Residential Landlord Tenant Act, specifically Va. Code § 55-248.31.

In pertinent part, the Statute provides:

> Notwithstanding anything to the contrary contained elsewhere in this chapter, when a breach of the tenant's obligations under this chapter or the rental agreement involves or constitutes a criminal or a willful act, which is not remediable and which poses a threat to health or safety, the landlord may terminate the rental agreement immediately and proceed to obtain possession of the premises. . . . [T]he court shall order an earlier hearing when emergency conditions are alleged to exist upon the premises which constitute an immediate threat to the health or safety of the other tenant.

Va. Code § 55-248.31 (Michie Supp. 2000).

Here, the evidence revealed that the landlord, Richmond Redevelopment and Housing Authority (RRHA), is involved in and has obtained funding to relocate persons in the Blackwell area of the city as part of a redevelopment

plan for the area. So far, all of the public housing has been demolished and cleared save one, that of the defendant tenants. Despite patient and persistent efforts on RRHA's part to assist the defendants in relocating, the defendants have remained in place continuing to occupy one side of a duplex with the other side vacant. There was testimony that the area has been crime-ridden. RRHA has raised the specter of harm to defendants' safety of person and property as they continue to reside in the last house standing. The defendants were not called to testify.

With the defendants' lease terminated, RRHA sees defendants in breach of their obligation not to hold over under Va. Code § 55-248.20 and, again, suggests that by continuing to remain on the premises, the defendant-tenants' own health and safety is implicated. Thus, RRHA maintains, it has made a case for an expedited hearing under Va. Code § 55-248.31 quoted above.

There has been running public comment and commentary on criminal activity in the Blackwell area, of which the court is aware, beyond the confines of this case. However, experience teaches us that the existence of a high crime residential area does not mean necessarily that every inhabitant of that area is involved in crime or is a victim of crime. Despite these conditions, many people continue to be good citizens somehow remaining unscathed. For whatever reason, the defendants have chosen to be "the last man standing" and apparently are not deterred from continuing to live in their home.

As I alluded at the hearing, I do not believe that the statute RRHA relied on for an expedited hearing is designed necessarily to save one from oneself, as RRHA seems to argue in this request for an expedited hearing. Rather, it is designed to deal with situations of imminent or immediate threat to the health and safety to others including tenants themselves, in a proper case.

The court does not know just what is the ultimate motivation for these defendants to "stand pat." But it cannot be said they are doing so in the face of a known, imminent danger to their own health or safety despite RRHA's contention. There is no evidence that the defendants are not capable of making their own choices, such as incompetency, even though the choice they may be making here may be wrong, civilly speaking. The circumstances do not justify an expedited trial.

So, the only question is whether the landlord has qualified for an expedited hearing. For the foregoing reasons, the court must answer the question in the negative.